**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LOMELI BECERRA, | No. 10-73201 |
| Petitioner, | Agency No. A092-122-323 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Jose Lomeli Becerra, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny the petition for review.

Under the modified categorical approach, the abstract of judgment and the felony complaint, considered together, establish by clear and convincing evidence that Lomeli Becerra pleaded guilty to possession for sale and purchase for sale of cocaine under California Health & Safety Code § 11351. *See id.* at 984-86; *Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam) ("[Where] the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). Accordingly, the agency properly concluded that Lomeli Becerra is removable for having committed an offense "relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**